IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LAURA A. GREEN,<br>         *Plaintiff*,<br><br>v.<br><br>CAROLYN W. COLVIN, COMMISSIONER OF<br>SOCIAL SECURITY,<br>         *Defendant*. | CASE NO. 6:13–cv–00031<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

   This matter is before me on the parties' cross Motions for Summary Judgment (docket nos. 13 and 15), the Report & Recommendation of United States Magistrate Judge Robert S. Ballou (docket no. 19, hereinafter "R&R"), Plaintiff's Objections to the R&R (docket no. 20), and the Commissioner of Social Security's ("Commissioner" or "Defendant") Response thereto (docket no. 21). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), I referred this matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his R&R, advising that I should deny Plaintiff's Motion for Summary Judgment, and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed her Objections, obligating me to undertake a *de novo* review of those portions of the R&R to which proper objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's Objections and adopt the Magistrate Judge's R&R in full.

1

## I. BACKGROUND

On October 9, 2007, Plaintiff Linda Green ("Plaintiff" or "Green") protectively filed an application for Supplemental Security Income ("SSI") payments under the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433, 1381–1383f. To receive SSI benefits, Plaintiff must show that her disability began on or before the date she applied for benefits. 42 U.S.C. § 1383(a)(1); 20 C.F.R. § 416.501.

Plaintiff was forty-two years old at the time she filed her October 2007 application. She claimed her disability began on October 1, 2007, as a result of both mental and physical impairments. Plaintiff's physical impairments include migraines, lower back pain, thyroid problems, carpal tunnel syndrome, acid reflux, tendonitis, and a ruptured colon. She claims her pain is so unbearable that sometimes "it makes [her] forget what [she is] doing." Plaintiff's mental impairments consist of depression and learning disabilities. Plaintiff most recently worked for one month in 2001 at a Wendy's restaurant. Her longest stint of employment lasted for approximately one year as an employee of Pizza Hut restaurant.

### A. The ALJ Decision

The Commissioner denied Plaintiff's application at the initial and reconsideration levels of administrative review, and on October 16, 2009, Administrative Law Judge ("ALJ") Thomas King held a hearing to consider Plaintiff's disability claim. At the hearing, Plaintiff testified that she is disabled due to learning disabilities, depression, back problems, carpal tunnel syndrome, migraines, and a thyroid condition. On November 16, 2009, the ALJ entered his decision denying Green's claim.

Determining disability, and thus eligibility for Social Security benefits, involves a five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). In this process, the Commissioner asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) the claimant is able to perform her past relevant work; and (5) the claimant can perform other specific types of work. *Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The claimant has the burden of production and proof in Steps 1–4. *See Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). At Step 5, however, the burden shifts to the Commissioner "to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education, and work experience." *Id.* If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step two, the ALJ found Green suffers from severe impairments of carpal tunnel release, borderline intellectual functioning, and disorders of the spine. The ALJ determined that Green's claim failed at step three of the inquiry, however, because her impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further found that Green had the residual functional capacity ("RFC") to perform light work, but that such work should be restricted to simple, unskilled work that does not require fine hand work. The ALJ therefore concluded that Green was not disabled.

Green sought review of this decision with the Appeals Council, and on March 23, 2011, the Appeals Council granted the request and vacated the hearing decision. On remand, the Appeals Council directed the ALJ to: (1) give further consideration to Plaintiff's maximum RFC with specific references in support of any assessed limitations; and (2) obtain evidence from a vocational expert to clarify the effect of Green's limitations on her occupational base.

On January 5, 2012, ALJ Marc Mates held a second hearing to consider Green's disability claim. Green was represented by counsel at this hearing, which included testimony from Green as well as vocational expert Robert Jackson. At the hearing, Gray once again claimed that she is disabled as a result of physical and mental impairments. On January 13, 2012, the ALJ entered his decision denying Green's disability claim.

First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 9, 2007, the alleged onset date of her disability. He further found that Green suffered from back difficulty, adjustment disorder, and borderline intellectual functioning. The ALJ found that these impairments caused more than minimal functional limitations and were thus "severe" under step two of the disability analysis. Nonetheless, at step three of the inquiry, the ALJ determined that Green did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Based on a consideration of Plaintiff's medical record, the ALJ determined that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b). In light of his RFC assessment and the testimony of vocational expert Robert Jackson, the ALJ determined that Plaintiff could perform work as a cleaner, packer, or mail clerk. On April 25, 2013, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the

4

Commissioner's final decision under 42 U.S.C. § 405(g). Plaintiff filed this suit on June 12, 2013, seeking review of the Commissioner's decision.

### B. The Summary Judgment Motions

In her summary judgment filings, Plaintiff argues the ALJ erred for three reasons. First, she contends the ALJ failed to consider the cumulative effect of her limitations in making his decision. Second, and without any supporting argument, Plaintiff states the ALJ erred in failing to find Plaintiff fully credible. Third, Plaintiff argues the ALJ erred because he erroneously determined that Plaintiff's asthma is not a severe impairment.

In response, Defendant states the ALJ considered Plaintiff's unremarkable medical record and reasonably determined that Plaintiff's impairments could not be expected to prevent her from performing light work. Second, Defendant asserts that the ALJ's consideration of Plaintiff's limited employment history is a proper basis for finding Plaintiff less than fully credible. Finally, Defendant argues that the ALJ's decision regarding Plaintiff's asthma is supported by substantial evidence because she produced "no evidence to support the argument that [her] asthma significantly limited her ability to perform basic work activities."

### C. The Magistrate Judge's Report and Recommendation

Magistrate Judge Robert S. Ballou recommends denying Plaintiff's motion for summary judgment and granting the Commissioner's motion. In his R&R, the magistrate judge addressed three issues raised by Plaintiff: (1) whether "the ALJ failed to consider the cumulative effect of all of her impairments"; (2) whether "the ALJ erred by finding that Green was not fully credible"; and (3) whether "the ALJ improperly determined that Green's asthma was not a severe impairment." Contrary to Plaintiff's position, the magistrate judge found the ALJ properly

considered the cumulative effect of her impairments. The magistrate judge also found the ALJ properly assessed the credibility of Plaintiff's testimony by considering the entire record and providing sufficient support for his analysis. Finally, the magistrate judge found substantial evidence supports the ALJ's decision that Plaintiff's asthma is not severe because Plaintiff failed to produce any evidence regarding the limitations of her condition.

Plaintiff timely filed Objections to the R&R on September 1, 2014. Many of her objections are attempts to recast single sentences from her summary judgment motion into objections to the R&R.[1] I will not duplicate the efforts of the magistrate judge in addressing these objections. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008). Plaintiff's filing does not fail in its entirety, however, as she made three proper objections to the R&R. First, she argues "[t]he Court erred in finding that the treatment for [P]laintiff's depression was merely conservative and did not establish disability." Second, Plaintiff argues the Court "erroneously found [P]laintiff's complaints of disabling pain were contracted [sic] by her own reports of her daily activities." Third, she contends the Court "erred in finding the ALJ properly considered [P]laintiff's limited work history as bearing on her credibility."

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial

---

[1] Consider Plaintiff's summary judgment memorandum, where she argues the ALJ improperly relied on a doctor's report because the "opinion [was] rendered in March of 2008 and almost four years of additional evidence occurred between the time of [his] opinion and the ALJ's decision." In her objections to the R&R, she repeats herself, arguing "[t]he Court erred in finding substantial evidence supports the ALJ's decision to give great weight to the consultative examiners' opinions, which were rendered several years prior to [P]laintiff's hearing before the ALJ."

6

evidence is not a large or considerable amount of evidence. *Pierce v. Underwood*, 487 U.S. 552, 555 (1988). Rather, it comprises "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In determining whether the ALJ's decision was supported by substantial evidence, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971). The issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law. *Craig*, 76 F.3d at 589.

With respect to objecting to a magistrate judge's report, Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de*

7

*novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney,* 539 F. Supp. 2d at 845. This Court will thus not address those objections that merely repeat arguments previously addressed by the magistrate judge. *Id.* Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

#### A. The ALJ's Evaluation of Plaintiff's Depression

Plaintiff objects to the R&R on the grounds that the magistrate judge "erred in finding that the treatment for plaintiff's depression was merely conservative and did not establish disability." Essentially, Plaintiff contends that the ALJ erred in failing to determine that she is disabled as a result of her depression. This Court will limit its review to whether substantial evidence supports the ALJ's decision in this regard.

The ALJ evaluated Plaintiff's depression under the criteria listings of § 12.04. To meet the requirements of § 12.04, a claimant must show that she suffers from at least two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or

8

repeated episodes of decompensation, each of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, §§12.04(A)(1), 12.04(B). A claimant also may also meet the requirements of this section if she has a medically documented history of a chronic affective disorder of at least two years' duration that has caused more than minimal limitation of ability to do basic work activities. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.04(C).

The ALJ thoroughly reviewed Plaintiff's medical record, finding that Plaintiff "denied any interactional problems since she started to take Zoloft," a medication she uses to treat her depression. In other portions of his decision, the ALJ noted that "the claimant testified that her depression had improved with the use of Zoloft (as well as counseling services)." Because Plaintiff controlled the effects of her depression through medication, the ALJ determined that her depression did not have any substantial effect on her daily living. Accordingly, the ALJ determined that Plaintiff's depression did not meet the requirements of § 12.04.

Notably, the Fourth Circuit has held that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (citations omitted). Because there are numerous reports in Plaintiff's medical record that indicate she controlled her depression through medication, *see, e.g.,* Administrative Record ("R.") at 650 (noting that Plaintiff is "[d]oing ok" and "in good spirits" with Zoloft), the ALJ's determination regarding Plaintiff's depression is supported by substantial evidence.

### B. The ALJ's Credibility Assessment

Plaintiff next argues the magistrate judge "erroneously found [P]laintiff's complaints of disabling pain were contracted [sic] by her own reports of her daily activities." She also

9

contends the magistrate judge "erred in finding the ALJ properly considered [P]laintiff's limited work history as bearing on her credibility." *Id.*

It is not the role of this Court to determine whether Plaintiff's testimony was fully credible. *Craig*, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility, and whether the ALJ's decision is supported by substantial evidence. *Id.* In analyzing whether a Plaintiff is disabled, the ALJ must first find "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities, and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594 (quotations and emphasis omitted). If such evidence is found, the ALJ must then evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which [they] affect[ ] [his] ability to work." *Id.* at 595. Among other factors, when evaluating the claimant's credibility the ALJ should consider all evidence in the record, including "[d]iagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists." SSR96–7p, 1996 WL 374186, at *5. The ALJ's determination "must contain specific reasons" that "make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Id.* at *4.

In his R&R, the magistrate judge thoroughly reviewed the ALJ's analysis of Plaintiff's credibility. Plaintiff objects to his analysis on the grounds that he "erroneously found [P]laintiff's complaints of disabling pain were contracted [sic] by her own reports of her daily activities." In his R&R, the magistrate judge found:

10

> Green's complaints of disabling pain were also contradicted by her own reports of her activities during the period of alleged disability. These activities included cooking light meals for herself, her husband and daughter, doing laundry, watching television, taking care of her pets, attending to her personal hygiene, occasionally going shopping for clothes and groceries, babysitting a four year old from 2:30 p.m. – 11:00 p.m. several days a week, and visiting her daughter and grandchildren.

R&R at 18. The United States Court of Appeals for the Fourth Circuit has found that the ability to engage in such activities can properly bear on the credibility of a claimant's subjective complaints of pain. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). For example, in *Barnhart*, the disability claimant testified before the ALJ that she "attends church twice a week, reads books, watches television, cleans the house, washes clothes, visits relatives, feeds the family pets, cooks, manages her household finances, and performs the stretches recommended by her chiropractor." *Id.* After reviewing this testimony, the Fourth Circuit held that "[t]he ALJ logically reasoned that the ability to engage in such activities is inconsistent with [the claimant's] statements of excruciating pain and her inability to perform such regular movements like bending, sitting, walking, grasping, or maintaining attention." *Id.* (citing *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)). Here, too, Green's subjective complaints of debilitating pain are inconsistent with her ability to regularly perform daily chores around her house. There is therefore nothing suspect in the magistrate judge's analysis.

Plaintiff's second objection is that the magistrate judge "erred in finding the ALJ properly considered [P]laintiff's limited work history as bearing on her credibility." *Id.* Essentially, Plaintiff argues that the ALJ erred because he did not apply the proper legal standard in evaluating her credibility. It is true that the ALJ based its credibility finding, in part, on Plaintiff's work history. R. at 22 ("[A] review of the claimant's work history shows that she

11

worked only sporadically prior to her alleged disability onset date, which raises some question as to whether her unemployment is due to medical impairments."). However, it was appropriate for him to do so. Courts in the Fourth Circuit have found that one's work history is a relevant consideration in evaluating a claimant's credibility. *See Barnett v. Astrue*, No. JKS-10-3331, 2013 WL 509003, at *2 n.2 (D. Md. Feb. 11, 2013) (citing *Schall v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998)). Moreover, ALJs are instructed to take account of "prior work record" in making credibility determinations. SSR 96-7p, 61 Fed.Reg. 24, 483 at 34, 486 (1996). Therefore, the ALJ had a proper legal basis for considering Plaintiff's work history in evaluating her credibility.

Moreover, the ALJ based his finding on much more than Plaintiff's limited work history. He considered Plaintiff's medical history, noting that her treatment was relatively "limited and conservative." He also noted that numerous physical examinations failed to reveal evidence of significantly decreased strength, sensation, or range of motion, as would be expected with the severity of the limitations alleged. Finally, the ALJ considered the fact that none of Plaintiff's treating physicians concluded that claimant is disabled. On this basis, the ALJ found that Plaintiff's statements concerning the severity of her pain were not credible. Because the ALJ applied the proper legal standard and supported his determination with specific findings in the record, the ALJ's decision regarding Plaintiff's credibility is supported by substantial evidence.

## IV. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff properly objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an Order overruling Plaintiff's Objections, adopting the Magistrate Judge's R&R in full, granting the Commissioner's Motion for Summary Judgment, denying Plaintiff's Motion for

12

Summary Judgment, and dismissing this action and striking it from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this 25th day of September, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE